IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| NOREEN MICELI | : | BANKRUPTCY NO.: 5-15-bk-05266-JJT |
| | : | |
| DEBTOR | : | |
| | : | |
| NOREEN MICELI | : | {**Nature of Proceeding**: Objections to |
| | : | Proofs of Claim Nos. 3, 7-13 |
| OBJECTOR | : | (Docs. Nos.17, 23-29)} |
| | : | |
| vs. | : | |
| | : | |
| LVNV FUNDING, LLC | : | CLAIM NO. 3 |
| MIDLAND FUNDING LLC | : | CLAIM NOS. 7 through 13 |
| | : | |
| CLAIMANTS | : | |

# **OPINION**[1]

Recently, the Court has, on several occasions, addressed the adequacy of proofs of claim filed by creditors which claims were based on open-end or revolving consumer credit agreements, and whether those claims met the requirements of Federal Rule of Bankruptcy Procedure 3001(c). This case presents similar challenges to several proofs of claim. Specifically, the Debtor has filed Objections to claims 3, 7, 8, 9, 10, 11, 12, and 13, as found on the Claims Register of the above-captioned case. All of these claims were either open-end or revolving consumer credit agreements. With the exception of the Objection to claim number 3, all other Objections presented boiler-plate language which can be summarized as follows. The proofs of claim attach a one-page account summary which fails to specifically identify the Debtor's account and further fails to attach the complete document referencing the accounts the creditor allegedly purchased. Midland Funding LLC's proofs of claim also failed to provide the terms and provisions of the agreement allegedly transferring the rights in the Debtor's account to the new account holder.

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

As has become typical of claims litigation, the only participant at the time of the hearing was counsel for the Debtor. None of the Claimants filed a response or answer to the Objections. Debtor offered no testimonial or documentary evidence to support the Objections at the hearing.

The current version of Rule 3001(c) applicable to the current objections, in pertinent part, reads as follows:

(c) *Supporting Information*.

(1) *Claim Based on a Writing*. Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

. . .

(3) *Claim Based on an Open-End or Revolving Consumer Credit Agreement*.
(A) When a claim is based on an open-end or revolving consumer credit agreement—except one for which a security interest is claimed in the debtor's real property—a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
(i) the name of the entity from whom the creditor purchased the account;
(ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
(iii) the date of an account holder's last transaction;
(iv) the date of the last payment on the account; and
(v) the date on which the account was charged to profit and loss.
(B) On written request of a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

The following is found in the Advisory Committee Note to Rule 3001(c).

A proof of claim executed and filed in accordance with subparagraph (A), as well as the applicable provisions of subdivisions (a), (b), (c)(2), and (e), constitutes prima facie evidence of the validity and amount of the claim under subdivision (f).

**To the extent that paragraph (3) applies to a claim, paragraph (1) of subdivision (c) is not applicable**. A party in interest, however, may obtain the writing on which an open-end or revolving consumer credit claim is based by requesting in writing that documentation from the holder of the claim. The holder

of the claim must provide the documentation within 30 days after the request is sent. The court, for cause, may extend or reduce that time period under Rule 9006. (Emphasis ours.)

Reviewing the prima facie evidentiary effect of proofs of claim, I find the following helpful.

The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie* " valid. *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)). In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. *Id.; see In re Windsor Communications Group, Inc.*, 45 B.R. 770, 773 (Bankr.E.D.Pa.1985). In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re WHET, Inc.*, 33 B.R. 424, 437 (Bankr.D.Mass.1983). The burden of persuasion is always on the claimant. *Holm*, 931 F.2d at 623 (quoting *Collier* § 502.02, at 502-22); *Windsor Communications*, 45 B.R. at 773.

*In re Allegheny International, Inc., et al.*, 954 F.2d 167, 173 (3rd Cir. 1992).

The Court has reviewed each of the claims and has determined that they meet the criteria for open-end or revolving consumer credit agreements as contemplated by Rule 3001(3)(A)(1-4). In addition, the Debtor presented absolutely no facts tending to defeat the claims by probative force equal to the allegations of the proofs of claim. A review of the docket and the Objections do not indicate Debtor made a request upon the holder of the claims for writings specified in Rule 3001(c)(1). It is for these reasons that the Court overrules the Objections to proofs of claim numbers 7, 8, 9, 10, 11, 12, and 13.

The Objection to proof of claim number 3 [LVNV Funding LLC] differs from the other Objections in that there was attached to the proof of claim, a Bill of Sale and Assignment and a Transfer and Assignment. Debtor, again, objects that the claim did not attach a complete

document referencing the accounts the creditor allegedly purchased, and the claim did not provide the terms and provisions of the agreement allegedly transferring the rights to the holder of the claim. The Bill of Sale and Assignment and Transfer and Assignment attached to the proof of claim simply are not required to be filed by the claimant under Federal Rule of Bankruptcy Procedure 3001(c) to be considered prima facie evidence of the validity and amount of the claim. While the filing of these documents was unnecessary, they were beneficial to the Debtor to match the claim with the scheduled debt on her Schedules. It is for this reason that the Objection to claim number 3 is also overruled.

Finally, the Court draws the Objector's attention to the case of *In re Allegheny International, Inc., et al.*, 954 F.2d 167, 173 (3rd Cir. 1992), which indicates that more is required of the Debtor than a mere bald objection to a claim. The Court wrote, "[i]t is often said that the objector must produce evidence equal in force to the prima facie case." Debtor did not provide any evidence to meet her burden to rebut the presumption of prima facie evidence of the validity and amount of the claims.

It is for all the foregoing reasons the Court will overrule the Debtor's Objections to each of the claims referenced above.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge

(CMS)

Date: July 6, 2016